UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN LEGION POST 330, and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| DAVE HEATH as CHAIRMAN OF THE INDIANA ALCOHOL AND TOBACCO COMMISSION ATC; U-JUNG CHOE as EXECUTIVE DIRECTOR, GENERAL COUNSEL and HEARING JUDGE of the ATC; JENNIFER DREWERY as PROSECUTOR of the ATC; JOHN BARCHAK and APRIL TACKETT, | )<br>)  CASE NO. 1:06-cv-0390-DFH-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

ENTRY ON EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

This case is now before the court on plaintiff's emergency motion for a temporary restraining order. As explained below, the motion is denied.

On June 10, 2005, Indiana excise police officers conducted a raid on plaintiff American Legion Post 330 ("Post 330" or "the Post"), which has operated a licensed bar in New Haven, Indiana since 1945. The officers found twelve machines that appeared to be used for illegal gambling, and they seized evidence, including cash and essential components (the "motherboards") of machines.

The Indiana Alcohol and Tobacco Commission ("the Commission" or "the ATC") then issued a citation for maintaining a public nuisance and possession of gambling devices. The Commission submitted a proposed settlement to the Post, proposing to settle for a $500 fine, forfeiture of $1,235 in seized cash, and forfeiture of the "motherboards" of the machines. The Post rejected the offer and eventually moved to dismiss the charges on several grounds, including an argument that the Commission lacks authority to enforce gambling laws against its licensees. The hearing officer for the Commission denied the motion to dismiss on February 1, 2006. On that same day, the prosecutor for the Commission amended the charges to seek the much more severe penalty of revocation of the Post's license to serve alcoholic beverages.

The Post contends that the Commission's decision to seek enhanced penalties violates the United States Constitution's guarantees of free speech and equal protection of the laws. The Post's theory is that the Commission is acting in bad faith to punish the Post not for violations of law but for challenging the Commission's authority to enforce gambling laws, or more specifically to treat violations of gambling laws as violations of the conditions of the Post's license to serve alcoholic beverages. Post 330 filed this federal lawsuit seeking to enjoin the enforcement proceedings and in particular the prospect of revocation of its license. On May 4, 2006, the Post moved for a preliminary injunction. The court has scheduled a hearing for June 22, 2006 on Post 330's motion for preliminary injunction and defendants' motion to dismiss.

On May 19, 2006, Post 330 filed an emergency motion for a temporary restraining order. The motion notes that earlier the same day, the Commission's prosecutor had sought and obtained an expedited hearing date of May 30, 2006, in the administrative enforcement proceedings against the Post. The Post seeks a temporary restraining order from this court enjoining the Commission hearing scheduled for May 30th and enjoining the Commission from seeking penalties more severe than those the Commission originally proposed in its initial settlement offer, and especially enjoining the Commission from revoking the Post's liquor license. The court held a hearing on the emergency motion on May 22, 2006.

A temporary restraining order is an extraordinary form of relief used to prevent imminent irreparable harm. In deciding whether to grant a temporary restraining order, the court must consider the moving party's likelihood of success on the merits of the relevant claims, as well as whether that party faces imminent irreparable harm for which there is no adequate remedy at law. The court must also consider the risk of harm to the opposing party if injunctive relief is granted erroneously, and the court must consider the public interest, meaning the interests of those who are not parties to the lawsuit. The court must make its determinations on a limited record and on a provisional basis, recognizing that the need for an immediate decision may increase the risk of error. See generally *Video-Home-One, Inc. v. Brizzi*, 2005 WL 3132336, *2 (S.D. Ind. Nov. 22, 2005) (granting temporary restraining order), and authorities cited therein.

In considering the likelihood of success on the merits in this case, the court must also consider the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). The Post seeks a federal court injunction blocking, or at least sharply restricting the scope of, a state's administrative enforcement proceeding. As a general rule, the *Younger* abstention doctrine bars federal courts from enjoining an ongoing state administrative proceeding where the proceeding is judicial in nature, where it involves important state interests, and where a state forum is available to consider the federal plaintiff's constitutional claims. See *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 627 (1986); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); accord, *Trust and Investment Advisers, Inc. v. Hogsett*, 43 F.3d 290, 295 (7th Cir. 1994) (following *Middlesex County*).

All three requirements for *Younger* abstention are present in this case. The administrative enforcement proceeding is judicial in nature (as distinct from legislative), in that it seeks specific penalties against a specific licensee. Important state interests are at stake, in terms of the state's interest in regulating sales of alcoholic beverages and its interest in the conduct of its licensees and whether they are obeying Indiana law. Finally, enforcement actions of the Commission are subject to judicial review in the Indiana courts, where any constitutional challenges to Commission action may be heard.

The Post argues that the *Younger* abstention doctrine does not apply here based on an established but seldom-used exception to the *Younger* doctrine, one that authorizes injunctive relief to block a state proceeding when the plaintiff is the target of a bad faith prosecution. See, *e.g.*, *Collins v. Kendall County*, 807 F.2d 95, 98 & n.5 (7th Cir. 1986).

The court finds that the motion for a temporary restraining order should be denied for three reasons.

First, Post 330 has not shown an imminent threat of irreparable harm that would result from allowing the Commission to go forward with its scheduled hearing on May 30th. The court assumes that temporary loss or suspension of the Post's liquor license would inflict irreparable harm on the Post. There is little danger, however, that any such harm could be inflicted on the Post before the scheduled hearing before this court on June 22nd. The May 30th hearing is before a new administrative law judge who was assigned to the Post 330 case just last week, after defendant U-Jung Choe recused herself from hearing the case. Even if the new administrative law judge were to issue a decision that same day, on May 30th, recommending to the Commission that it revoke the Post's license or impose other penalties, Indiana law would provide the Post with at least fifteen days to file objections to the proposed sanctions. 905 Ind. Admin. Code 1-37-13. If the Post filed objections, the Commission itself would need to place the matter on its agenda and provide prior public notice of its potential action. Then, if the

Post sought judicial review of a Commission decision revoking its license, Indiana law provides that the license revocation would be stayed during judicial review. Ind. Code § 7.1-3-23-40.

The Post also argues that merely being required to participate in the scheduled hearing for May 30th would subject it to irreparable harm. The Post argues that its First Amendment right to free speech would be chilled by going forward with the administrative proceedings, citing *Collins*, 807 F.2d at 98 n.5. The Post also cites two cases holding that vindictive or biased administrative proceedings that would prevent the exercise of constitutional rights would inflict irreparable harm. See *Hillside Productions, Inc. v. Duchane*, 249 F. Supp. 2d 880, 900 (E.D. Mich. 2003); *Wal-Mart Stores, Inc. v. Rodriguez*, 238 F. Supp. 2d 395, 421 (D.P.R. 2002), vacated pursuant to settlement, 322 F.3d 747 (1st Cir. 2003). Both cases are readily distinguishable. Moreover, the Post's argument would effectively deny the Indiana courts an opportunity to vindicate the asserted federal constitutional rights; this court cannot assume that the Indiana courts would fail to do so. The court is not persuaded that requiring the Post to go forward with the administrative hearing – short of a final decision revoking its license – would inflict irreparable harm upon it. Unlike the plaintiffs in the *Hillside Promotions* and *Wal-Mart* cases, Post 330 is happy with the status quo in which it holds its license and can continue to hold it as long as the administrative case and any judicial review continues.

Second, the court is not persuaded that a temporary restraining order would be in the public interest even if the Post were able to establish the other requirements for such relief. At this stage of the case, the evidence tends to show that even after the excise police raided the Post in June 2005 and disabled the apparently illegal gambling devices, the Post and its leadership continued to operate illegal gambling devices in association with the liquor business. In this civil case, the court may and at this stage does draw adverse inferences from Post witnesses' invocation of their Fifth Amendment privilege against self-incrimination when asked about gambling activity on the premises. In exhibits submitted with its brief in opposition to a temporary restraining order, the Commission has also come forward with evidence tending to show directly such continuing criminal conduct.

In other words, at this stage, the record shows that the Post was engaged in unlawful gambling activity in association with its liquor sales before the raid in June 2005. After that raid, and while the enforcement proceeding was moving forward, the Post quickly took steps to remedy the effects of the raid by repairing or replacing the gambling devices, by taking more effective steps to conceal the gambling activity, and by continuing forward with the same course of criminal conduct the Commission was seeking to punish in the original enforcement proceeding. The injunctive relief the Post seeks in this case would limit the Commission to seeking only the lightest sanctions: a $500 fine and forfeiture of the gambling proceeds. Those sanctions might well have seemed sufficient to the

Commission if the Post had admitted wrongdoing and had stopped the illegal activity. It would not be in the public interest, however, to tie the Commission's hands and to limit the possible penalties where the Post appears to have continued on its same course.

Third, the court is not persuaded on this record that the Post is likely to succeed on the merits of its claims that the Commission's decision to seek more severe penalties, including revocation of the Post's liquor license, would result in violation of the Post's constitutional rights. The Post contends that its constitutionally protected speech is its assertion of a jurisdictional defense in the administrative proceeding itself. The Post contends that the Commission lacks authority under state law to enforce gambling laws or to use violations of gambling laws as a basis for imposing penalties on licensees. The relief the Post seeks is not the ability to continue with that constitutionally protected speech, but an order closing down the forum in which the Post has been speaking. That curious result is the product of the fact that the Post's real goal seems to be insulation from Indiana's laws on illegal gambling, not the exercise of its First Amendment rights.

The Post relies on evidence that the Commission chairman, defendant David Heath, has stated publicly that the Commission chose to seek revocation after the Post made it clear that it would not try to negotiate a settlement and wanted to argue about the Commission's jurisdiction. Heath Dep. 18. The Post also relies

on evidence of the handling of numerous other similar cases in which American Legion posts or similar organizations were charged by the Commission with illegal gambling violations. That evidence falls well short of the repeated prosecutions and searches that were found insufficient even to allege bad faith prosecution in *Collins*, 807 F.2d at 99-100.

The Post has not shown that it faces, let alone has suffered, harsher treatment than similarly situated licensees. The situation here involves more than merely a challenge to the Commission's jurisdiction. It also includes substantial evidence of deliberate, continuing violations of gambling laws and efforts to conceal those violations. The Post has not shown that other licensees have engaged in such a course of conduct after they were on notice of the Commission's charges. To the extent the Post has shown that some licensees have been cited several times for gambling violations without facing revocation, the Commission is not bound by the prosecutorial policies and discretionary judgments of earlier administrations.

It is also significant that the Post has not shown that the Commission has acted without probable cause. In *Hartman v. Moore*, 126 S. Ct. 1695 (2006), the Supreme Court reasoned that a constitutional claim for retaliatory prosecution in violation of First Amendment rights requires the plaintiff to plead and prove that the underlying case was prosecuted without probable cause. The court compared that situation to cases in which the same state actor is alleged to have both

possessed the retaliatory motive and taken the retaliatory action. *Id.* at 1703-04. In such cases, where the state actor has sufficient independent grounds for his actions, apart from the alleged retaliatory motive, the issue of causation may be difficult, for the state actor may try to prove that he would have taken the same action independent of the retaliatory motive. That reasoning appears to apply here, and there is ample evidence that the Commission has acted with probable cause to support its allegations against Post 330.

The Post's claim of bias on the part of the Commission has been mooted in part by the assignment of the new administrative law judge. The Post also contends that the statutory structure of the Commission and alleged reliance on fines from enforcement proceedings will deny the Post due process of law. The Commission disputes the Post's contentions about Commission finances. More important, though, these challenges are well within the jurisdiction and competence of the Indiana courts. Accordingly, there is no viable threat of irreparable harm on the Post's claim of a biased decision-maker.

A final word of caution is needed. The court's assessment of the issues at this stage is necessarily provisional and subject to review upon a more complete record with additional time to consider the issues in more detail. For the foregoing reasons, however, plaintiff's motion for a temporary restraining order is hereby denied.

So ordered.

Date: May 24, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Arend J. Abel
COHEN & MALAD LLP
aabel@cohenandmalad.com

Joseph C. Chapelle
BARNES & THORNBURG LLP
joe.chapelle@btlaw.com

Mark Jason Crandley
BARNES & THORNBURG LLP
mcrandley@btlaw.com

Paul L. Jefferson
BARNES & THORNBURG LLP
pjefferson@btlaw.com

Kelley Jo Johnson
COHEN & MALAD LLP
kjohnson@cohenandmalad.com

Peter J. Rusthoven
BARNES & THORNBURG LLP
peter.rusthoven@btlaw.com